# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| KATIE COSS,<br>       Plaintiff,<br><br>vs.<br><br>PLAYTEX PRODUCTS, LLC,<br><br>       Defendant. | Case No. 08 C 50222<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed her amended complaint on January 26, 2009 on behalf of herself and a class of similarly situated individuals. According to Plaintiff's amended complaint, consumers bought baby bottles sold by Defendant that had venting mechanisms on the bottles' bottoms. The mechanisms was supposed to prevent air pressure from building up in the bottles (known as the "vacuum effect"). (Amended Compl. ¶ 2.) Plaintiff alleges that the mechanisms did not prevent the vacuum effect, and even caused the bottles to leak. (*Id*.) Because of the alleged defect, Plaintiff filed claims against Defendant for unjust enrichment, violations of state consumer fraud acts,[1] and breach of an implied warranty of merchantability. (*Id*. ¶ 3.)

---

[1]Specifically, Plaintiff alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 *Ill. Comp. Stat.* 505/1 *et seq*. On behalf of potential class members, Plaintiff alleges violations of other substantially similar acts in California, Florida, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New Mexico, Ohio, Oregon, and Washington. (Amended Compl. fn.2.) In addition to these eleven states, Plaintiff also purports to represent similarly situated individuals in New York. (Amended Compl. ¶ 29.)

1

On February 23, 2009, Defendant filed a motion to dismiss for failure to state a claim. That motion is fully briefed and under advisement before the district court. On March 16, 2009, Defendant filed a motion to stay discovery pending the district court's decision on the motion to dismiss. That motion is presently before the magistrate judge.

Trial judges have extremely broad discretion when overseeing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). The court may limit the frequency or extent of discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Fed. R. Civ. P.* 26(b)(2)(C)(iii). Upon motion, the court may also "limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Crawford-El*, 523 U.S. at 599 (internal quotes omitted); *Fed. R. Civ. P.* 26(c)(1).

The court may grant a motion to stay discovery for a number of reasons, including the filing of a motion to dismiss. *Crawford-El*, 523 U.S. at 598; *DSM Desotech, Inc. v. 3D Systems Corp. et al.*, 2008 U.S. Dist. LEXIS 87473, at *4–5 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.). "Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as qualified immunity[,] or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech*, 2008 U.S. Dist. LEXIS 87473, at *5. Although stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill.

Antitrust cases are typical of the types of cases where discovery is so burdensome and costly to parties that a stay pending decision on a motion to dismiss may be appropriate. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966–97 (2007). In *Bell Atlantic*, a case arising under section 1 of the Sherman Act, the Supreme Court retired the *Conley* interpretation of Rule 8 notice pleading. *Id.* at 1968. *Conley* had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The *Bell Atlantic* Court took issue with the "no set of facts" standard, and held that plaintiffs must plead factual allegations such that a right to relief rises "above the speculative level[.]" *Id.* at 1965.

The Court premised its holding in *Bell Atlantic* on the policy against a "plaintiff with a largely groundless claim be[ing] allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)) (internal quotes omitted). The Court explained that "when the allegations in a complaint, however true, [can] not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting 5 *C. Wright & Miller* § 1216, pp 233–34 (3d ed. 2004)). The Court indicated that a district court was justified in insisting on some specificity in the pleading in an antitrust case before proceeding with potentially massive and expensive discovery. *Id.* at 1967.

Very recently, the Supreme Court clarified its holding in *Bell Atlantic* in *Ashcroft v. Iqbal*, No. 07-1015, 2009 U.S. LEXIS 3472 (March 18, 2009). The plaintiffs in *Iqbal* alleged

3

that the defendant government officials discriminated against them based on their race, religion, or national origin. *Id*. at *9. Defendants filed a motion to dismiss asserting qualified immunity. *Id*. The Court held that *Bell Atlantic*'s interpretation of Rule 8 applied to complaints in *all* civil actions. *Id*. at *39. The Court stated that all complaints "must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id*. at *29 (internal quotes omitted). The Court further stated, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court described the plausibility standard as something less than the "probability standard," but stated that there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In so finding, the Court reiterated its policy against burdensome discovery in certain types of cases, stating, "[Federal Rule of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. (holding that courts need not accept as true legal conclusions in a complaint when deciding a motion to dismiss). Indeed, the Court commended the lower courts for staying discovery once the defendants raised the defense of qualified immunity. *Id*. at *40 (rejecting the "careful-case-management" approach to discovery in "suits where Government-officials defendants are entitled to assert the defense of qualified immunity); *see also Crawford-El*, 523 U.S. at *598.

After *Bell Atlantic*, the Seventh Circuit recognized the need to limit overly burdensome discovery in complex cases beyond the antitrust arena in which a motion to dismiss for failure to state a claim had been filed. *See Limestone Dev. Corp. v. Village of Lemont, Illinois et al.*, 520

4

F.3d 797, 803 (7th Cir. 2008). In *Limestone*, Judge Posner explained that cases brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), like those brought under antitrust laws, require discovery that is "likely to be more than usually costly." *Limestone*, 526 F.3d at 803. Consequently, Judge Posner indicated that burdensome discovery in RICO cases during the pendency of a motion to dismiss is inappropriate. *Id*. at 802–04.

More recently, Judge Posner found that discovery in cases brought under section 14(a) of the Securities Exchange Act can be so burdensome as to justify a stay during the pendency of a motion to dismiss. *Beck v. Dobrowski et al.*, 559 F.3d 680 (7th Cir. March 20, 2009). Section 14(a), codified at 15 U.S.C. § 78n(a), and Rule 14a-9, codified at 17 C.F.R. § 240.14a-9, forbid material misrepresentations or omissions when soliciting a shareholder's proxy vote. The plaintiff in *Beck* brought suit on behalf of other shareholders directly, and on behalf of Equity Office Property Trust ("EO") derivatively, against the board members of EO after the conclusion of a bidding war for EO between two other companies. *Id.* at 681. In upholding the district court's dismissal for failure to state a claim, Judge Posner relied on *Bell Atlantic*. *Id*. at 682. He stated that "a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one." *Id*. at 682.

Post *Iqbal*, the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast. *Bell Atlantic*, *Limestone*, and *Beck* still require district courts to carefully consider the potential discovery needed in complex cases. If the complex case is one susceptible to the burdensome and costly discovery contemplated by *Bell Atlantic* and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure

to state a claim has been filed. *See DSM Desotech*, 2008 U.S. Dist. LEXIS 87473, at *3 (holding that the principles underlying *Bell Atlantic* required a stay on discovery during the pendency of a motion to dismiss for failure to state a claim brought under antitrust laws); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331 (N.D. Ill. 2005) (Cole, M..J.) (noting that stays on discovery are often appropriate when a motion to dismiss has been filed).

District courts have granted stays of discovery in a variety of complex cases. In *Hill v. Chase Bank, NA et al.*, 2007 U.S. Dist. LEXIS 87369, *13 (N.D. Ind. Nov. 26, 2007), the court stayed discovery for the class claims arising under the Truth in Lending Act. *Hill v. Chase Bank, NA et al.*, 2007 U.S. Dist. LEXIS 87369, *13 (N.D. Ind. Nov. 26, 2007). Also, in *Welch et al. v. Eli Lilly & Co.*, 2009 U.S. Dist. LEXIS 21417, *23–24 (S.D. Ind. Mar. 16, 2009), the court denied discovery regarding all of the employees in a defendant company while a motion to dismiss disparate impact claims was pending. The court considered "the company-wide discovery sought by Plaintiffs to be precisely the type of discovery that the Supreme Court contemplated [in *Bell Atlantic*] as both costly and time consuming." *Id*.

In *Lantz et al. v. Am. Honda Motor Co., Inc.*, 2007 U.S. Dist. LEXIS 3948, at *3 (N.D. Ill. May 14, 2007), Magistrate Judge Nolan noted that a stay on discovery had been granted during the pendency of a motion to dismiss for failure to state a claim. In that case, the plaintiffs alleged that Honda manufactured a defective motorcycle. *Id*. In doing so, the plaintiffs raised claims similar to those raised in this case, alleging that the defendant had "violated California's unfair competition laws; utilized untrue and misleading advertising; violated the California Consumers Legal Remedies Act; breached express and implied warranties; and unjustly benefitted from its unlawful conduct at Plaintiffs' expense." *Id*.

In this case, Plaintiff purports to represent a class with members located in 13 states. She states three counts in her amended complaint arising under 15 statutes.[2] The claims allege violations dating back to October 1, 2003. (Amended Compl. ¶ 29.) Her factual allegations involve patent applications. (Amended Compl. ¶¶ 10–15.) Common questions of law or fact to the class relate to whether Defendant had knowledge regarding the alleged defects in the bottles, whether Defendant acted or refused to act on grounds generally applicable to the class, whether Defendant was unjustly enriched, whether Defendant's conduct constitutes consumer fraud, whether Defendant breached implied warranties, and whether Plaintiff or class members suffered damages. (Amended Compl. ¶ 31.) Plaintiff estimates the damages to exceed $5 million. (*Id.* ¶ 6.) There is no doubt that this case is complex and will entail burdensome and costly discovery on a scale similar to that contemplated by *Bell Atlantic*, *Iqbal*, *Limestone*, and *Beck*.

Because this court heavily disfavors discovery stays, though, the magistrate judge asked Plaintiff to suggest targeted discovery which the court could allow without subjecting Defendant to undue burden or cost. Plaintiff suggested the following two interrogatories and one request for production:

> Interrogatory # 1: Please identify the number of bottles at issue that have been sold in each of the class states during the class period.
>
> Alternative interrogatory # 1: If you are unable to determine the breakdown by each state, please provide the total number of bottles at issue sold nationally during the class period, and identify whether any class state has a disproportionate (either high or low) purchase rate of your products.
>
> Interrogatory # 2: Please identify whether all of the bottles sold in Interrogatory No.

---

[2]At stated in footnote 1, *supra*, Plaintiff alleges violations of consumer fraud acts in eleven states other than Illinois. (Amended Compl. fn.2.) Thus, 14 of the statutes apply to class members outside Illinois.

> 1 were manufactured with a circular diaphragm vent cap.
>
> Request to produce # 1: Any internal memorandum, studies, analyses, reports, white papers, summaries, projections, board minutes or board presentations prepared by you or on your behalf, or provided to you, reflecting or referring to performance problems of the bottles at issue arising from circular diaphragm vent caps.

(Pl.'s Resp. 4.)

Defendant conceded that it could answer the two interrogatories "without much difficulty." (Def.'s Reply 3.) The responses to these interrogatories would help Plaintiff proceed with her class claims without imposing undue burden or cost on Defendant. This discovery is acceptable, and the court orders Defendants to respond to these two interrogatories within 30 days.

Defendant argues that the request to produce, though, is overly broad and would cause it undue burden. (Def.'s Reply 3.) This court agrees. The request to produce seeks an immense volume of documentation without specifying a relevant time period. Locating and producing responsive documents would force Defendant to endure undue burden and cost. This request to produce is typical of the discovery that the court will not allow in a complex case pending decision on the motion to dismiss.

According to the above analysis, the court grants Defendant's motion to stay discovery in part. Expensive and burdensome discovery will not be compelled by the court prior to the district court ruling on the motion to dismiss. But, in the interest of moving the case forward, some limited discovery may be appropriate. The initial pretrial conference is set for May 29, 2009. Parties should submit a proposed limited case management order in conformity with this opinion by May 28, 2009.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: May 21, 2009